Sup. Ct.]             PARKER *v.* MURRAY.                    79

---

### PARKER *v.* MURRAY *et al.*

(*Supreme Court, General Term, First Department.* April 17, 1891.)

DISMISSAL OF ACTION—JURISDICTION.

A legatee under the will of a resident of New Jersey, duly admitted to probate in that state, sued the executor in New York for a construction of the will and for an accounting. Subsequently, on payment by defendant to plaintiff of all to which the latter was entitled under the construction of the will claimed by her, they stipulated that the scope of the action should be limited to the construction of the will, and that defendant should file his account in the surrogate's court in New Jersey; which he afterwards did. *Held*, that the courts of New York should not entertain the action, although the parties were residents of the state, and the executor had personal property of the estate; there being no charge of wrong-doing on his part, and it appearing that all questions involved in the accounting could be authoritatively disposed of by the surrogate's court in New Jersey.

Appeal from special term, New York county.

Action by Charlotte M. Parker against George W. Murray, as executor of John V. Beam, deceased, and others. Plaintiff appeals from a judgment for defendant entered on a dismissal of the complaint at the trial.

Argued before VAN BRUNT, P. J., and DANIELS, JJ.

*Charles Strauss*, for appellant. *A. S. Murray, Jr.*, for respondents.

VAN BRUNT, P. J. One John V. Beam died in May, 1874, in and being a resident of Passaic county, N. J., leaving a last will and testament, by which he appointed the defendant Murray and his son John V. Beam, Jr., executors. This will was duly admitted to probate in June, 1874, by the surrogate of Passaic county, and letters-testamentary were issued to the defendant.

said John V. Beam, Jr., having died prior to the probate of the will. The plaintiff is a legatee and devisee under the will, and was 24 years of age at the time of the commencement of this action. The defendant, as executor, pursuant to the terms and provisions of the will, during the minority of the plaintiff, and until she became of the age of 18 years, accumulated a surplus income, such income arising from a share or portion of the estate which was given and devised to the defendant to hold in trust for the plaintiff until she should become of the age of 30 years. At the time of the commencement of this action the defendant held such accumulations of income, and claimed that the same did not become the property of the plaintiff absolutely until she attained that age. This action was commenced for a construction of the will in question, and to compel the executor to account for his proceedings as such executor, and for the appointment of a new trustee, if it should be deemed advisable.

In accumulating and holding the surplus income, as above mentioned, the defendant Murray acted under the advice of the counsel who drew the will. Subsequent to the commencement of this action the defendant was advised that the advice above given was erroneous, and that the plaintiff was entitled absolutely to such accumulations, and, after ascertaining the amount thereof, he paid the same over to her. A stipulation was thereupon entered into between the parties by which it was stipulated that the plaintiff should prosecute the action for the purpose of obtaining a construction of the said will, and in which the defendant agreed that he would proceed with diligence to make and file his account as such executor from the date of his letters testamentary to the then present time, notice of the filing thereof to be given to the plaintiff. It further appears that, subsequent to the commencement of this action, the defendant took means to have his account filed in the surrogate's office of the county of Passaic, and to have the same passed according to the laws of the state of New Jersey. The plaintiff and defendant are residents of the state of New York, and he has the personal property belonging to the estate. There is no claim of any wrong-doing upon the part of the executor, or that he was dishonest, or had been in any way guilty of malversation in office. The plaintiff had never taken any steps to require the defendant to render an account of his proceedings in the surrogate's court in the county of Passaic. Upon this state of facts the court dismissed the complaint, with costs, and from the judgment thereupon entered this appeal is taken.

Upon the facts appearing as above, we think the court was right in dismissing the complaint, and refusing to entertain the action, because by the stipulation entered into between the parties the scope of the action, in view of certain things to be done by the executor, was limited to the construction of the will in question, and at the time of the trial there was nothing left for the purposes of construction. The parties had evidently by stipulation eliminated all questions of account; as it is clear that the account to be filed by the executor was the one which he immediately set about to file in the surrogate's office of the county of Passaic. While the court undoubtedly had jurisdiction, and it would be proper to exercise it where otherwise there would be failure of justice, it appearing in the case at bar that all the questions involved upon the accounting can be authoritatively disposed of by the surrogate's court of Passaic county, from which the defendant derived his authority to act, it seems to us that the parties should be remitted to that court, rather than to call upon the courts of this state to settle controversies which more properly belong to and should be disposed of by the courts of another state. We think, therefore, that, there being no trust which it was necessary to consider, and there being simply a right of action by a legatee for a legacy due, and it appearing from the record that the legacy has been paid, there seems to be no reason why the courts of this state should be troubled with

the controversy, especially as the parties by their stipulation evidently con-templated that the accounting, which is the point claimed upon this appeal, should be had before the surrogate of Passaic county. It is not necessary to decide what the court might have done had not the parties, by their own stip-ulation, limited the scope of the action. The plaintiff, after having procured what she did through her consent to limit the scope of the action, cannot now claim all that she possibly might have claimed had she not limited her rights by the stipulation above referred to. We think, however, that, under the circumstances, there was no good ground for charging the plaintiff with costs. When she brought the action she may have had the right to maintain it, and she cannot be said to have come into court without any warrant whatever; and, the parties having virtually settled the controversy between themselves as far as it would be considered by the courts of this state, there does not seem to be any reason why she should have been mulcted in costs. The judg-ment should be modified by striking out the costs, and as modified affirmed, without costs of this appeal.